IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EUFAULA DRUGS, INC., on behalf of themselves and a nationwide class of similarly situated parties, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:05-cv-293-MEF (WO) |
| TDI MANAGED CARE SERVICES, INC. and ECKERD HEALTH SERVICES, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an independently owned pharmacy, brought suit in the Circuit Court of Barbour County, Alabama on behalf of itself and all similarly situated parties against the Defendant insurance companies/pharmacy benefit management companies for failure to reimburse Plaintiffs according to an agreed-upon formula for brand name prescriptions dispensed to Defendants' insureds. Defendants removed this case to federal court on March 30, 2005, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"). On May 2, 2005, Plaintiff filed a Motion to Remand (Doc. #5). In that Motion,, Plaintiff argues that the amount in controversy in this case is insufficient to authorize the Court to exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332 and that CAFA does not apply. On December 14, 2005, this Court entered an Order (Doc. # 25) finding that this action was commenced after the enactment of CAFA, and therefore CAFA applies. CAFA requires both diversity of

citizenship and that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The parties do not dispute that the diversity of citizenship requirement has been met, but there is a question as to whether the amount in controversy exceeds $5,000,000. In its December 14, 2005 Order, the Court ordered additional briefing on the amount in controversy issue. Upon consideration of the additional information filed by both parties, for the reasons set forth below, the Court finds that the amount in controversy exceeds $5,000,000 and that therefore the Motion to Remand (Doc. # 5) is due to be DENIED.

## I. JURISDICTION AND REMAND STANDARD

As stated in the December 14, 2005 Order, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. CAFA gives federal district courts jurisdiction over class actions where at least one member of the plaintiff class is a citizen of a different state from any defendant and the total amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(1).

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district

court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c).

## II. FACTS

Plaintiff Eufaula Drugs, Inc. ("Eufaula Drugs") entered into an agreement (entitled "Amendment to the Pharmacy Agreement") with the Defendants whereby Eufaula Drugs would dispense prescription medications to Defendants' insureds/members. That agreement provides that Defendants will reimburse Plaintiff for the Average Wholesale Price ("AWP") of brand name prescription medications pursuant to the terms of the contract. AWP is the price that pharmacies pay to a medication's manufacturer or distributor for that medication. AWP is electronically updated by the manufacturer or distributor on a daily basis and is reported to pharmacies, insurance companies, pharmacy benefit managers and for-the-public publications. Eufaula Drugs alleges that, despite having access to AWP information, the Defendants deliberately refused to reimburse it for the full amount of the AWP as agreed. Eufaula Drugs alleges that this was part of an intentional plan to defraud pharmacies and customers and increase the Defendants' profits.

Eufaula Drugs brings claims for misrepresentation/suppression, breach of contract, unjust enrichment, and conspiracy. It is requesting monetary compensation for the difference between AWP and the amount actually reimbursed, punitive damages, and injunctive relief. It also brings this action as a nationwide class action pursuant to Alabama Rule of Civil Procedure 23(b)(3), specifically defining the class as follows:

> all pharmacies and/or other similar entities who entered into a contract which provided for reimbursement of prescriptions according to a formula which included the Average Wholesale Price ("AWP") with Defendants and/or their predecessors in

> interest, and/or their subsidiaries and/or their related entities on or after February 14, 1999; but excluding (1) pharmacies and/or other similar entities who are currently in bankruptcy; (2) pharmacies and/or other similar entities whose obligations to Defendants have been modified or discharged in bankruptcy; (3) any governmental agency or entity and (4) any person or entity who, in accordance with any court approved notice, properly executes and submits a timely request for exclusion from the class.

Eufaula Drugs is a citizen of Alabama. Defendant TDI is a Delaware corporation with its principal place of business in Pennsylvania. Additionally, Eufaula Drugs's Complaint specifically states that

> Plaintiff, individually and on behalf of the putative class, makes no claims pursuant to federal law and further makes no claims which would give rise to any federal cause of action. Plaintiff's claims are based solely upon applicable state law. Additionally, Plaintiff, on behalf of itself and putative class members, does not make any claim for relief, including both equitable relief and monetary damages, in excess of $74,500.00 in the aggregate for each plaintiff or class member. Under no circumstances would the total amount of relief, including both equitable relief and monetary damages, exceed $74,500.00 in the aggregate for each plaintiff or class member. Even if Plaintiff and class members recovered under each count of the complaint, the total recovery for Plaintiff and putative class members would not exceed $74,500 in the aggregate for each plaintiff or class member.

### III. DISCUSSION

In its December 14, 2005 Order, the Court requested (1) briefing on which party bears the burden of demonstrating that federal jurisdiction exists and (2) specific evidence from each party supporting its assertion that the amount in controversy does or does not exceed $5,000,000. The Court will now address each of these issues in turn.

*A.    Burden of Demonstrating Amount in Controversy*

In the typical case invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a),

the party asserting federal jurisdiction bears the burden of demonstrating that jurisdiction exists. *See McNutt v. Gen. Motors Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L.Ed. 1135 (1936). When the plaintiff files suit in state court, "[t]he defendant can remove to federal court if he can show, *by a preponderance of the evidence*, facts supporting jurisdiction." *Burns*, 31 F.3d at 1094 (emphasis added). That is, the defendant must show by a preponderance of the evidence that the amount in controversy has been met.[1]

The Court recognizes, however, that a number of courts have concluded that CAFA shifts the burden to the plaintiff to prove that the amount in controversy has not been met, and that therefore federal jurisdiction does not exist. *See, e.g., Waitt v. Merck & Co.*, No. C05-0759L, 2005 WL 1799740 (W.D. Wash. July 27, 2005); *Yeroushalami v. Blockbuster, Inc.*, No. CV 05-225-AHM(RCX), 2005 WL 2083008 (C.D. Cal. July 11, 2005). Though the text of CAFA makes no mention of the burden of proof, these courts base their conclusion that CAFA shifts the burden on a report of the Senate Committee on the Judiciary. The report states that

> [i]f a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied). . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.

S. Rep. 109-14 at 42-44 (2005). While courts may look to legislative history in interpreting

---

[1] The parties do not dispute that this is the traditional burden of proof.

ambiguous statutory language, this particular report does not correspond to any new statutory language.  The Seventh Circuit held that this legislative history alone, absent statutory language, cannot alter the longstanding rule placing the burden on defendant to show jurisdiction.  *Brill v. Countrywide Home Loans, Inc.*,427 F.3d 446, 448 (7th Cir. 2005)(citing *Pierce v. Underwood*, 487 U.S. 522, 566-68, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988)).  This is consistent with the Eleventh Circuit's views on the use of legislative history:

> A committee report does not have the force of law, nor does this statement purport to explain ambiguous or vague language appearing in the statute. "While a committee report may ordinarily be used to interpret unclear language contained in a statute, a committee report cannot serve as an *independent statutory source having the force of law*." *International Bhd. of Elec. Workers Local Union No. 474 v. NLRB,* 814 F.2d 697, 712 (D.C.Cir.1987). "[A] cardinal principle of the judicial function of statutory interpretation is that courts have no authority to *enforce* principles gleaned *solely* from legislative history that has no statutory reference point." *Id.*

*United States v. Thigpen*, 4 F.3d 1573, 1577 (11th Cir. 1993).  Therefore, this Court will not consider the Senate report on CAFA, and will apply the traditional burden, requiring Defendants to show by a preponderance of the evidence that the amount in controversy has been met.

B.    *Defendants' Amount in Controversy Evidence*

The Defendants have submitted the affidavit of Kelly Makay, Manager of Product Development at Defendant TDI Managed Care Services, Inc., which states that, based on her calculations, her estimate of the total damages for 2000 through 2003 is $18,426,285.  The Defendants have also submitted the affidavit of Laura B. Stamm, a consultant hired by

Defendants' counsel to analyze the claim processing activity at issue in this case. Ms. Stamm compared the difference between actual reimbursement paid and reimbursement that would have been paid had AWP been calculated in real time. This difference is the amount of compensatory damages claimed by Plaintiff. According to her calculations, the difference between these figures for the period from February 14, 1999 to October 23, 2003[2] is approximately $16.1 million. The Court finds this evidence sufficient to meet Defendants' burden of showing that the amount in controversy exceeds $5,000,000.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the Motion to Remand (Doc. # 5) is DENIED.

DONE this the 14th day of April, 2006.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] After October 23, 2003, Defendants began using real time AWP to calculate reimbursements.