IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EUFAULA DRUGS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cv-293-MEF |
| | ) | |
| TDI MANAGED CARE SERVICES, | ) | (WO - NOT RECOMMENDED FOR PUBLICATION) |
| | | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the Court on Defendants' Motion to Exclude the Two Addenda to the Expert Report of Robert A. Needham Or, In the Alternative, To Extend The Deadline For Defendants' Merits Expert Disclosure (Doc. # 104), filed April 14, 2008.

This Court issued an Amended Scheduling Order (Doc. # 59) on April 24, 2007 that set a deadline of February 15, 2008 for Plaintiffs' disclosure of expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2). On February 8, 2008, the parties agreed to extend the time for Plaintiffs' to disclose their expert reports until March 14, 2008. A few days prior to March 14, 2008, Defendants agreed to another extension of the Plaintiffs' expert report deadline to March 21, 2008. On March 21, 2008, Plaintiffs' provided Defendants with a report prepared by Robert A. Needham ("Needham").

On April 8, 2008, Plaintiffs' disclosed an "Addendum" to Needham's report, which included additional calculations related to Plaintiffs' damages. According to Plaintiffs, this

supplement corrected a subtraction error in the first report, included an analysis for claims with a certain dispensing fee that was omitted in the first report, and eliminated other claims that had insufficient data for which to calculate damages.  On April 10, 2008, Plaintiff's disclosed a second "Addendum" to Needham's report.  The Second Addendum added additional damages calculations based on variables that had been omitted from the previous reports.  Needham's deposition was held on April 11, 2008, just one day after the disclosure of the Second Addendum.

Federal Rule of Civil Procedure 16(b)(4) permits this Court to modify any scheduling order for "good cause."  Plaintiffs' have represented to this Court that they retained an expert witness well in advance of the expert disclosure deadline, but that this expert resigned from the company he worked for just prior to Plaintiffs' expert disclosure deadline.  Plaintiffs contend that they worked diligently to retain a new expert and submit his reports to Defendants, but due to errors and omissions had to prepare the two addenda that are the subject of Defendants' motion.  The Court finds that Plaintiffs' have met their burden to show good cause for a modification of this Court's scheduling order.

Accordingly, it is hereby ORDERED that:

(1)     Defendants' Motion to Exclude the Two Addenda to the Expert Report of Robert A. Needham Or, In the Alternative, To Extend The Deadline For Defendants' Merits Expert Disclosure (Doc. # 104) is GRANTED IN PART AND DENIED IN PART.

(a)    The Court finds that under the circumstances the two addenda to the

March 21, 2008 Needham report are timely and shall not be excluded.

(b)    Defendants may have their expert prepare a response, limited only to

new issues raised by the two addenda to the March 21, 2008 Needham

report, which must be disclosed to Plaintiffs on or before **June 20,**

**2008**.

(2)    Defendants may file a supplement to their Motion for Summary Judgment,

limited to addressing new issues raised by the two addenda to the March 21,

2008 Needham report, on or before **June 20, 2008.**  Plaintiffs may file a

response on or before **June 27, 2008**.

DONE this the 10th day of June, 2008.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE