IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUFAULA DRUGS, INC., *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CASE NO. 2:05-cv-293-MEF |
| ) | |
| TDI MANAGED CARE SERVICES,   ) | (WO - DO NOT PUBLISH) |
| INC., *et al.*,   ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

The parties are involved in a class action lawsuit and have reached a Settlement Agreement. The Court took briefings from the parties and held a Settlement Fairness Hearing to determine whether the settlement proposed was fair, reasonable, and adequate. Upon consideration of all matters submitted during the hearing and otherwise, the Court has determined that the proposed Settlement Agreement is due to be approved.

**II. Jurisdiction and Venue**

This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The parties do not contest venue, and the Court finds an adequate factual basis for venue in this Court. *See Eufaula Drugs, Inc. v. TDI Managed Care Servs., Inc.*, No. 05-cv-293 (M.D. Ala. Mar. 12, 2009) (concluding that this Court has subject matter jurisdiction and venue is proper).

### III. Facts and Procedural History

**A. Facts**

Plaintiffs, retail pharmacies, entered into agreements with Defendants ("EHS"), pharmacy benefit management companies, whereby Plaintiffs agreed to dispense prescription medication to EHS's clients, customers, insureds, and/or members. EHS agreed to reimburse Plaintiffs for filling name-brand medications. The reimbursement amounts were to be determined by using the Average Whole Price ("AWP"), a benchmark price in the industry, available through publication in First Databank, Medispan, and Thomson. Plaintiffs alleged that EHS paid them outdated AWPs, thus failing to fully reimburse Plaintiffs. Plaintiffs remaining claims are for breach of contract and injunctive relief.

**B. Procedural History**

This Court has previously certified a class in this case (Doc. #155), defined as:

> All pharmacies and/or other similar entities, who entered into a contract which provided for reimbursement of prescriptions according to a formula which included the [AWP] with EHS and/or its predecessors in interest, their successors in interest, and/or their subsidiaries and/or their related entities from February 14, 1999 to October 23, 2003, inclusive.

Excluded from the class are any pharmacies that previously requested exclusion from the class.

The parties submitted a proposed Settlement Agreement, setting forth the essential terms of the agreement, to the court for preliminary approval and asked the court for an order directing notice to the Class Members (Doc. #189). The Court issued an order approving the

"form, substance and requirements of the Notice" submitted by the parties, requiring a mailing of the Notice, and requiring proof by affidavit of such mailings at or before a scheduled Settlement Fairness Hearing (Doc. #191). Plaintiffs have submitted the required affidavit (Doc. #195-2). The Court also approved the appointment of Administar Services Groups LLC as the Settlement Administrator for the Settlement (Doc. #191). Pursuant to the Court's order, Class Counsel petitioned for attorneys' fees and expenses (Doc. #192).

The Court held a Settlement Fairness Hearing on Friday, November 6 for the purposes of determining:

1. Whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

2. Whether the proposed allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

3. Whether the application of Class Counsel for Class Counsel Fees and Expenses should be granted;

4. Whether the application of Class Counsel for Class Representative Awards to Plaintiffs should be granted; and

5. Whether judgment should be entered dismissing the Settled Claims with prejudice in favor of EHS as against all persons or entities who are Class Members herein who have not requested exclusion therefrom.

At the hearing, any member of the class could present arguments and evidence in support of or in opposition to the settlement.

At the hearing, the parties presented the details of the settlement, as follows: The parties agreed to settle the case for $2.8 million.[1]  Plaintiffs' attorneys request a fee of one-third of that amount, plus not more than $100,000 in litigation expenses.  They also request that a $15,000 Class Representative Award be paid to each named plaintiff class representative as compensation for their extensive participation in the litigation.

Notice was sent to all Class Members, numbering 21,314, through first class mail. The parties also created a website where Class Members could get information on the proposed settlement.  Nobody objected to the settlement.

## IV. Findings

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice of the hearing substantially in the form approved by the Court was mailed to all Class Members at the respective addresses set forth in the records of EHS; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; the Court finds as follows:

In full compliance with the requirements of 28 U.S.C. § 1715(b), EHS provided notice of the Settlement to (a) the Attorney General of the United States of America and (b) the appropriate State official (as that term is defined in 28 U.S.C. § 1715(a)(2)) of every state in

---

[1] EHS's expert valued the case at $4.3 million, had plaintiffs prevailed at trial.

which a Class Member resides. As further required under 28 U.S.C. § 1715(d), more than ninety (90) days have elapsed since the service of such notices on the appropriate State officials and the Attorney General of the United States. Neither the Attorney General of the United States nor any appropriate State official has served a written objection to the Settlement or appeared at the Settlement Fairness Hearing to interpose an objection to the Settlement.

All parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

In full compliance with Federal Rule of Civil Procedure 23 and the requirements of due process, on July 16, 2009, the Settlement Administrator mailed notices of the proposed settlement by first-class mail to the Class Members as shown on the records maintained by EHS. This notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

The settlement has been arrived at by arm's-length bargaining. Sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently. The action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further proceedings, including possible appeals, with uncertain resolution of the complex factual and legal issues. The proponents of the settlement are counsel experienced in similar litigation. Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and

diligent advocacy. The number of objectors, of which there are none, is not large when compared to the class as a whole.

The proposed allocation of proceeds is fair and reasonable. The application of Class Counsel for fees and expenses is appropriate and is consistent with awards in similar cases. Therefore, the Settlement Agreement, the terms of the Settlement as described in the Settlement Agreement and the Notice, and the plan for allocating the Settlement proceeds are fair, reasonable, and adequate.

## V. Conclusion

Accordingly, it is hereby

ORDERED that:

(1) The parties' Settlement Agreement, the terms of the Settlement as described in the Settlement Agreement and the Notice, and the plan for allocating the Settlement proceeds are APPROVED. The Class Members and parties to the Settlement Agreement are DIRECTED hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement. Class Counsel, counsel for EHS, and the Settlement Administrator are DIRECTED to administer the Settlement in accordance with its terms and provisions. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement;

(2) Class Counsel's Petition for Award of Attorneys' Fees and Expenses Related to Class Settlement (Doc. #192) is GRANTED. The effectiveness of the provisions of this

Order and the obligations of the Plaintiffs and EHS under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order that relates solely to the issue of Class Counsel's Petition for Award of Attorneys' Fees and Expenses Related to Class Settlement;

(3) Plaintiffs' Amended Complaint (Doc. #66) is DISMISSED with prejudice and without costs, except as provided in the Settlement Agreement, as against EHS;

(4) Due and adequate notice of the proceedings having been provided to the Class Members, and a full opportunity having been offered to them to participate in the Settlement Fairness Hearing, all Class Members are bound by this Order;

(5) Plaintiffs and Class Members, on behalf of themselves and their respective officers, directors, owners, shareholders, principals, affiliates, subsidiaries, parent corporations, members, partners, employees, agents, attorneys, and all persons acting for them, past or present, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs, penalties, or expenses, including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected, or claimed from the beginning of time through and including the Effective Date including, without limitation those arising out of or in any way related to the Action, that have been or could have been asserted in the Action by the Class Members or any of them against any of the Released

Parties arising out of or in any way relating to reimbursement of brand name prescription drug claims under Class Members' contracts with EHS. "Released Parties" means EHS and its past and present shareholders, principals, parent corporations, affiliates, subsidiaries, predecessors and successors, and each of their past and present officers, directors, owners, shareholders, principals, members, partners, employees, agents, attorneys, insurers, and assigns of any of the foregoing, and all persons acting for them, past or present;

(6) Plaintiffs and all Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as Class Members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Settled Claims. This Court shall retain exclusive continuing jurisdiction to enforce the injunction provided for in this paragraph;

(7) Jurisdiction is retained by this Court for the purpose of protecting and implementing the Settlement and the terms of this Order, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Settlement, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order;

(8) Given that the proposed settlement has been approved by this Court, the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. #189) is DENIED

as moot. For the same reason, EHS's Motion for Decertification of Plaintiff Class (Doc. #176) is DENIED as moot;

(9) Neither this Order, the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall constitute any evidence or admission by or against any Plaintiffs, Class Members, or EHS on any matter, except as necessary to enforce this Order or the Settlement. Similarly, no part of the amounts to be paid by EHS pursuant to the Settlement Agreement constitutes a fine or penalty under any law or a payment to settle any actual or potential liability for a fine or penalty under any law; and

(10) A separate final judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 23rd day of November, 2009.

                                                    /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE